**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jorge Alberto SALAVERRIA,
Defendant–Appellant.**

**No. 06–40945
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 23, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Jorge Alberto Salaverria appeals the 50–month term of imprisonment imposed after his guilty plea to an indictment charging him with illegal re-entry following deportation. Salaverria contends that the district court reversibly erred by imposing a guidelines sentence without considering his reasons for coming to this country in light of the sentencing factors listed in 18 U.S.C. § 3553(a).[1] The record reflects that the district court considered the statutory sentencing factors; Salaverria has not shown that the sentence was unreasonable or that this court should not defer to the district court's determinations at sentencing. *See United States v. Mares,* 402 F.3d 511, 519 (5th Cir.2005).

Salaverria contends that the enhancement provisions of 8 U.S.C. § 1326 are unconstitutional on their face and as applied in this case. He argues, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that his 50–month term of imprisonment exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions

---

1. There is no dispute that the 50–month sentence imposed is within a properly calculated guideline range.

as sentencing factors rather than elements of the offense that must be found by a jury.

Salaverria's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Salaverria properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.